IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ST. LUKE'S HOSPITAL**, | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00883-JR |
| | ) | |
| **MICHAEL O. LEAVITT**, as Secretary of | ) | |
| Health and Human Services, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and

Human Services (the "Secretary"), through undersigned counsel, hereby answers the Complaint

of St. Luke's Hospital ("Plaintiff") as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Secretary answers the first unnumbered paragraph of the Complaint as follows:

Admit the first sentence.  The second sentence contains Plaintiff's characterization of the

Complaint, which speaks for itself.

The Secretary further answers the numbered paragraphs of the Complaint as follows:

1.      Admit the first and second sentences.  Deny the third sentence, except to admit

that Plaintiff is a non-profit corporation located in Bethlehem, Pennsylvania, and is the

successor-in-interest to Allentown Osteopathic Medical Center, as further described in paragraph

23 of this Answer.

2.      Admit.

-2-

3.      This paragraph contains Plaintiff's characterization of the Complaint, which speaks for itself.

4.      Admit.

5.      Deny, except to admit that venue is proper under 42 U.S.C. § 1395oo(f)(1).

6.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

7.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

8.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

9.      Admit.

10.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

11.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

12.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

13.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

14.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

-3-

15.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

16.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

17.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

18.     This paragraph contains conclusions of law and not averments of fact to which a response is required.

19.     Deny, except to admit that Allentown Osteopathic Medical Center was a general acute care hospital located in Allentown, Pennsylvania.

20.     The Secretary lacks sufficient information to admit or deny the allegations of this paragraph.

21.     The Secretary lacks sufficient information to admit or deny the allegations of this paragraph.

22.     The Secretary lacks sufficient information to admit or deny the allegations of this paragraph.

23.     Admit the first sentence.  The Secretary lacks sufficient information to admit or deny the allegations of the second sentence.  Deny the third sentence, except to admit that Plaintiff succeeded to Allentown Osteopathic Medical Center's assets and liabilities, including Allentown Osteopathic Medical Center's Medicare claim for reimbursement for a loss that it purportedly incurred in the merger transaction.  Admit the fourth sentence.

24.     Deny.

-4-

25.    Deny the first sentence. Deny the second sentence, except to admit that Plaintiff assumed Allentown Osteopathic Medical Center's liabilities, which totaled $4,848,188. Deny the third sentence. Admit the fourth sentence. Deny the fifth and sixth sentences.

26.    Deny, except to admit that, in completing its Medicare cost report for the period ending December 31, 1996, Allentown Osteopathic Medical Center claimed reimbursement for Medicare's purported share of a loss related to its depreciable assets that it claimed that it had incurred in connection with the merger transaction.

27.    Deny the first and second sentences. Admit the third and fourth sentences.

28.    Admit the first sentence. The second sentence contains Plaintiff's characterization of Allentown Osteopathic Medical Center's request for a hearing before the Provider Reimbursement Review Board ("PRRB"), which has been made a part of the Administrative Record in this case, and which speaks for itself. The third sentence contains conclusions of law and not averments of fact to which a response is required.

29.    Deny the first sentence. The second and third sentences contain Plaintiff's characterization of Program Memorandum A-00-76, which has been made a part of the Administrative Record in this case, and which speaks for itself. Deny the fourth and fifth sentences.

30.    Admit the first and second sentences. The third, fourth, fifth, and sixth sentences contain Plaintiff's characterization of the decision of the PRRB, which has been made a part of the Administrative Record in this case, and which speaks for itself.

-5-

31.     This paragraph contains Plaintiff's characterization of the January 31, 2008 letter of the CMS Office of the Attorney Advisor, which has been made a part of the Administrative Record in this case, and which speaks for itself.

32.     This paragraph contains Plaintiff's characterization of the February 15, 2008 letter of Allentown Osteopathic Medical Center, which has been made a part of the Administrative Record in this case, and which speaks for itself.

33.     Admit the first and second sentences.  The third and fourth sentences contain Plaintiff's characterization of the decision of the CMS Administrator, which has been made a part of the Administrative Record in this case, and which speaks for itself.

34.     The Secretary lacks sufficient information to admit or deny the allegations of the first sentence, except to admit that the CMS Administrator's decision constitutes the final administrative decision of the Secretary with respect to Allentown Osteopathic Medical Center's claim for reimbursement for its purported loss arising from the merger transaction.  The second sentence contains conclusions of law and not averments of fact to which a response is required.

35.     Admit.

36.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.     This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

38.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

-6-

39.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

40.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

42.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

44.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

46.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

48.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

-7-

50.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

52.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

54.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

56.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

57.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

58.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

59.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

60.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

-8-

61.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

62.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

64.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

The Secretary specifically denies all allegations in Plaintiff's Complaint not otherwise answered herein.  In addition, the Secretary denies that Plaintiff is entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

-9-

WHEREFORE, the Secretary requests that Plaintiff's prayer for relief be denied, that this

action be dismissed, and that the Secretary be awarded his costs and such other relief as may be

appropriate.

Dated: August 19, 2008                         Respectfully submitted,

Of Counsel:                                    GREGORY G. KATSAS
                                               Assistant Attorney General

THOMAS R. BARKER
General Counsel                                JEFFREY A. TAYLOR
                                               United States Attorney

JANICE HOFFMAN
Acting Associate General Counsel               SHEILA M. LIEBER
                                               Deputy Director


MARK D. POLSTON                                 ___/s/ Joel McElvain_____
Deputy Associate General                       JOEL McELVAIN, Attorney, D.C. Bar # 448431
   Counsel for Litigation                      United States Department of Justice
                                               Civil Division, Federal Programs Branch
DAVID HOSKINS                                  540 Golden Gate Ave., Room 7-5395
Attorney                                       San Francisco, California 94102
Office of the General Counsel                  Telephone:    (415) 436-6645
U.S. Department of Health                      Fax:          (415) 436-6632
   and Human Services                          Email:        Joel.McElvain@usdoj.gov

                                               *Attorneys for Defendant*